

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF CRIMINAL JUSTICE
MEDICAID FRAUD CONTROL UNIT
CIVIL ENFORCEMENT DIVISION

January 2, 2025

**VIA NYSCEF AND EMAIL**
Hon. Lisa A. Cairo, J.S.C.
Supreme Court of the State of New York
100 Supreme Court Drive
Mineola, New York 11501
JudgeCairoRemote@nycourts.gov

      Re:    *People of the State of New York v. Cold Spring Acquisition, et al.*,
              Ind. No. 617709/2022

Dear Justice Cairo:

      We write on behalf of Petitioner in response to the Notice of Bankruptcy filed today by counsel for Cold Spring Acquisition, LLC ("Cold Spring Hills") purporting to give notice of an Automatic Stay and asserting that such a stay applies to the Attorney General's action. It does not. Indeed, under 11 U.S.C. § 362(b)(4), the subsection immediately following the citations in Cold Spring Hills' filing, the federal statute directly references the same Cold Spring Hills citations and makes clear that *the filing of a bankruptcy proceeding does not automatically stay a governmental enforcement action.* To wit:

> [U]nder paragraph (1), (2), (3), or (6) of subsection (a) of this section, of the commencement or continuation of an action or proceeding by a governmental unit or any organization exercising authority under the Convention on the Prohibition of the Development, Production, Stockpiling and Use of Chemical Weapons and on Their Destruction, opened for signature on January 13, 1993, to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power;

11 U.S.C. § 362(b)(4)

Commonly referred to as the police or regulatory power exception to an automatic stay, courts apply this oft-cited provision which "allows the enforcement of laws affecting health, welfare, morals, and safety despite the pendency of the bankruptcy proceeding." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1107 (9th Cir. 2005); *see also*, *S.E.C. v. Brennan*, 230 F.3d 65, 71 (2d Cir. 2000) ("Thus, where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such a law, the action or proceeding is not stayed under the automatic stay") (internal quotation marks and citation omitted); *People v. New Woman, Inc.*, 197 A.D.2d 525, 526 (2d Dep't 1993) (finding that the automatic bankruptcy stay provisions of 11 U.S.C. § 362 "expressly exempts from its coverage proceedings by governmental units to enforce their police or regulatory powers"); *In re Synergy Development Corp.*, 140 B.R. 958, 961 (Bankr. S.D.N.Y. 1992) (finding that the New York Attorney General's action is not impacted as "[t]he automatic stay does not apply to the State's action brought to enforce section 622-a of the New York General Business Law").

To determine whether the police or regulatory power exception applies, courts apply the "pecuniary purpose" test or the "public policy" test. *See Universal Life Church, Inc. v. United States*, 128 F.3d 1294, 1297 (9th Cir. 1997).[1] However, under either test, this enforcement action is not automatically stayed by the filing of any bankruptcy proceedings.

Under the "pecuniary purpose" test, "the court determines whether the action relates primarily to the protection of the government's pecuniary interest in the debtors' property or to matters of public safety and health." *N.L.R.B. v. Continental Hagen Corp.*, 932 F.2d 828, 828 (9th Cir. 1991) (cleaned up). "If the suit seeks to protect the government's pecuniary interest, the § 362(b)(4) exception does not apply. On the other hand, if the suit seeks to protect public safety and welfare, the exception does apply." *Lockyer*, 398 F.3d at 1109. "Under the 'public purpose' test, the court determines whether the government seeks to 'effectuate public policy' or to adjudicate 'private rights.'" *Lockyer*, 398 F.3d at 1109 (citing *Continental Hagen*, 932 F.3d at 833). The 11 U.S.C. § 362(b)(4) exception will only apply under this test if the government seeks to effectuate public policy. *Lockyer*, 398 F.3d at 1109.

Here, the emergency injunctive relief sought in the Special Proceeding commenced by Petitioner pursuant to Executive Law § 63(12) satisfies both the "pecuniary purpose" test and the "public purpose" test as it seeks injunctive relief to ensure the health and welfare of hundreds of residents at Cold Spring Hills and to defend the regulations and laws designed to protect the public from illegal closure of a nursing home facility.

---

[1] "The Second Circuit has yet to pass on the validity of any particular test." *F.T.C. v. Consumer Health Benefits Ass'n.*, No. 10-CV-3551 (ILG), 2011 WL 2341097 at *2-3 (June 8, 2011 E.D.N.Y.); *see In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 488 F.3d 112, 133 (2d Cir. 2007) ("Although we do not find it necessary to pass on the validity of these tests at this time, we find them satisfied in this case").

Based on the foregoing, this Court should not stay this governmental enforcement action and the parties should appear as scheduled at the hearing for injunctive relief set for Monday, January 6, to prevent the illegal evacuation or transfer of hundreds of vulnerable residents of Cold Spring Hills.

Respectfully submitted,
*Letitia James*
Attorney General of the State of New York

By:

*Christina Pinnola*
_____
Christina Pinnola
Special Assistant Attorney General
New York State Attorney General's Office
Medicaid Fraud Control Unit
300 Motor Parkway, Suite 210
Hauppauge, New York
(631) 263-0449
christina.pinnola@ag.ny.gov